Díaz Caneja v. El Registrador de la Propiedad.

Recurso gubernativo contra nota del Fiscal del Distrito de
Humacao en funciones de Registrador de la Propiedad.

No. 7.—Resuelto en enero 21, 1904.

Derechos Reales—Traslado de los Mismos al Moderno Registro—Terceros.—
Aunque los artículos 397 de la Ley Hipotecaria y 449 de su Reglamento,
disponen que el traslado de los derechos reales anotados en el antiguo oficio

de hipotecas a los libros del moderno registro de la propiedad, debía solicitarse dentro del año siguiente a la publicación de dicha ley, esto (*) debe entenderse para que los derechos reales así trasladados pudieran surtir efecto en perjuicio de tercero; pero no existiendo terceros a quienes pueda perjudicar el traslado, éste puede solicitarse en cualquier tiempo.

ID.—A los efectos de los artículos 397 de la Ley Hipotecaria y 440 de su Reglamento, no pueden considerarse como terceros los que a la fecha de la publicación de la nueva Ley Hipotecaria en esta Isla, o dentro del año concedido para la traslación de los antiguos asientos al nuevo registro, hubiesen adquirido algún derecho real sobre las fincas gravadas.

## EXPOSICIÓN DEL CASO.

Visto el presente recurso gubernativo interpuesto por el abogado Don Jacinto Texidor y Alcalá del Olmo a nombre del Presbítero Don Manuel Díaz Caneja, contra negativa del Fiscal del Distrito de Humacao en funciones de registrador de la propiedad de aquel partido, por impedimento del propietario, sobre traslado de un censo de los antiguos a los modernos libros del registro.

*Resultando:* que presentado escrito al Registrador de la Propiedad de Humacao en 2 de julio último por el Pbro. Don Manuel Díaz Caneja como administrador de las Reverendas Madres Monjas Carmelitas de esta capital, en solicitud del traslado de los libros antiguos del oficio de hipotecas a los modernos del registro de la propiedad, de un capital a censo por valor de dos mil pesos impuesto por Don Francisco Surrillo a favor de su hija Doña Teresa, Monja Carmelita, sobre una estancia de su propiedad radicada en el barrio de la Calatrambreña del término municipal de Yabucoa, de trescientas cuerdas de cabida, y de la que correspondía en propiedad una tercera parte a Don Ramón Pou y Buzó, por haberla adquirido por compra a Don Narciso Soler, por escritura pública otorgada en la villa de Humacao ante el Notario Don Eugenio de Torres, en 8 de septiembre de 1879, y que pasado el escrito al Fiscal del distrito, por impedimento del propietario para la resolución del traslado propuesto, (*) tan sólo sobre la tercera parte de la finca gravada, perteneciente a Don Ramón Pou, por

haber pasado a tercero las otras dos terceras partes, denegó el traslado el Fiscal del distrito por las razones que expuso en la nota que obra al pie de dicho escrito y que copiada a la letra dice así:

"No practicado el traslado de los gravámenes que se interesan en el escrito que precede, por adolecer del defecto de haberse solici-tado con posterioridad al plazo que señala el artículo trescientos noventa y siete de la Ley Hipotecaria y resultar en perjuicio de ter-cero toda vez que en esta oficina aparece presentada una escritura otorgada en esta ciudad ante el Notario Don Antonio de Aldrey en dos de noviembre de mil ochocientos noventa y nueve con la que Don Ramón Pou y Ríos por sí y como apoderado de los herederos de Don Ramón Pou y Buzó vende a Doña María Ernestina Filomena Ortiz e Yraris la participación de una tercera parte que en esta finca tuviera su causante, cuya escritura por adolecer de defectos fué anotada pre-ventivamente bajo la letra D al folio 88 vuelto del tomo 19 de Ya-bucoa, finca número 239 duplicado, que es la misma sobre la que pesaban los gravámenes cuya traslación se solicita y tomada anotación preventiva de suspensión por el plazo de ciento veinte días, de acuerdo con la sección 7ª. de la ley de 31 de marzo de 1902. Humacao, tres de julio de mil novecientos tres. Luis Campillo, Fiscal."

*Resultando:* que notificada la negativa del sustituto del Registrador al Pbro. Don Manuel Díaz Caneja, interpuso éste por conducto de su abogado defensor, Don Jacinto Texidor y Alcalá del Olmo, el presente recurso gubernativo para que se revocara dicha nota, y se ordenara al registrador sustituto la práctica del traslado propuesto.

*Resultando:* que acordado para mejor proveer se librara carta orden al Fiscal del Distrito de Humacao, en su carácter expresado, para que a la mayor brevedad remitiera, a este Tribunal Supremo certificación que acreditara el día del ven-cimiento de la anotación preventiva tomada a favor de Doña Ernestina Filomena Ortiz y Yraris, a la que se refería en su nota denegatoria del traslado, de la certificación librada por (*) dicho funcionario con fecha 11 del que cursa, y remitida al secretario de este tribunal con su carta oficial del 18 y re-

cibida aquí el día siguiente, aparece que dicha anotación fué tomada con fecha cuatro de febrero del año próximo pasado, venciendo por tanto a los 120 días de su fecha, o sea el 3 de junio siguiente; pero agregando además que sobre la misma finca había sido tomado también con fecha 3 de julio del mismo año otra anotación suspensiva por 120 días a favor de la Reverenda Sor. Teresa de Jesús, Nuestra Señora de los Dolores María Manuela de Jesús Surillo, la que a su vez se hallaba igualmente cancelada por haber expirado el término en 30 de octubre del mismo año y no haberse acreditado en aquella oficina la interposición de recurso a dicha anotación durante dicho plazo; y que según el asiento número 385 hecho al folio ciento cincuenta del libro 12 del diario de aquel registro había sido presentada de nuevo la escritura de compraventa otorgada a favor de Doña María Ernestina Filomena Ortiz y que había dado lugar a la anotación preventiva tomada a favor de dicha señora, cuyo documento se hallaba pendiente de inscripción, surtiendo sus efectos legales el citado asiento de presentación.

Abogado del recurrente: *Sr. Texidor.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que si bien con arreglo a los artículos 397 de la Ley Hipotecaria de esta Isla y 449 del Reglamento dictado para su ejecución, el traslado de los derechos reales anotados en el antiguo oficio de hipotecas a los libros del moderno registro de la propiedad, debía solicitarse dentro del año siguiente a la publicación de dicha ley, esto debe entenderse para que los derechos reales así trasladados pudieran surtir efecto en perjuicio de tercero, pero que no existiendo terceros a quienes pudiera perjudicar el traslado, podía éste solicitarse en cualquier tiempo.

*Considerando:* que para los efectos de los citados artículos (*) de la ley y Reglamento Hipotecarios y con arreglo a las aclaraciones contenidas en la Real Orden de 28 de noviembre

de 1894, no pueden considerarse como terceros los que a la fecha de la publicación de la nueva Ley Hipotecaria en esta Isla, o dentro del año concedido para la traslación de los antiguos asientos al nuevo registro, hubiesen adquirido algún derecho real sobre las fincas gravadas, y que haciendo aplicación de estos principios al presente caso, es evidente que ningún obstáculo podía oponerse a la traslación del censo solicitada por el Pbro. Don Manuel Díaz Caneja, toda vez que ni Don Ramón Pou y Buzó, ni sus herederos, que venían poseyendo la tercera parte de la finca de que se trata, podían considerarse terceros a los efectos de la traslación solicitada: el primero, por haberla adquirido con anterioridad a la publicación de la citada ley con conocimiento de la existencia del gravamen y constituyéndose a su pago; y los segundos, porque como continuadores de la personalidad de su causante, están sujetos al cumplimiento de sus obligaciones; y en cuanto a Doña María Ernestina Ortiz, porque habiendo caducado la anotación preventiva tomada a su favor sobre la finca de referencia, con anterioridad a la fecha de la presentación en el registro del escrito en solicitud del traslado, según resulta de la certificación elevada a esta superioridad por el sustituto del Registrador de Humacao, ningún efecto podía ya producir para impedirlo.

*Considerando:* que no viniendo en grado las demás cuestiones que pueden surgir con motivo de las operaciones últimamente practicadas en el registro de la propiedad respecto a la finca de referencia a que también se refiere la certificación del registrador, no pueden ser resueltas en el presente recurso.

*Vistos* los artículos citados de la Ley y Reglamento Hipotecarios y las Reales Ordenes aclaratorias de 19 y 30 de enero de 1894 y 18 de junio de 1895.

*Se revoca* la nota denegatoria del traslado puesta por el (*) Fiscal del Distrito de Humacao en funciones de registrador de la propiedad de aquel partido, al pie del escrito del Pbro.

Don Manuel Díaz Caneja, y se declara con lugar el traslado del censo de dos mil pesos solicitado por el mismo presbítero sobre la finca de que se trata en el presente recurso. Notifíquese esta resolución al abogado defensor del recurrente con devolución de los documentos presentados y remítase copia certificada de la misma al Fiscal del Distrito de Humacao para su conocimiento y demás efectos procedentes.

Jueces concurrentes: Sres. Hernández y MacLeary.

Los Jueces Asociados Sres. Figueras y Sulzbacher no intervinieron en la resolución de este caso.